**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OCTAVIO ENRIQUE ESPINOZA FELIZOLA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-591-J** |
| | ) | |
| **MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting United States Attorney General; FRED FIGUEROA, Warden of Diamondback Correctional Facility,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Octavio Enrique Espinoza-Felizola, a noncitizen[2] and citizen of Venezuela, proceeding *pro se*, filed an Amended Petition for Writ of Habeas Corpus under

---

[1] "The proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. But because ICE "is in complete control of detainees' admissions and release" and is housed within the Department of Homeland Security, "the Attorney General of the United States [Pamela Bondi] and the Secretary of Homeland Security [Markwayne Mullin]" are also appropriate respondents. *Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (quoting *Calderon v. Sessions*, 330 F. Supp. 3d 944, 953 (S.D.N.Y. 2018)); *cf. Fonseca-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1212 (D. Colo. 2013) ("[T]his Court concludes that either the Attorney General or [the Department of Homeland Security] Secretary is the proper respondent.").

"If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin,* No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by substituting Markwayne Mullin, Todd Blanche, and Fred Figueroa as respondents.

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 7). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response. (ECF No. 13).[3] For the reasons set forth below, the undersigned recommends that the Court **GRANT** the Petition, in part, and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

## I. BACKGROUND

Petitioner, a citizen of Venezuela, entered the United States on or about May 29, 2021, at or near a port-of entry at Del-Rio, Texas, and on September 15, 2021, the Department of Homeland Security charged him with violating 8 U.S.C. § 1182(a)(6)(A)(i) of the INA as an alien who was present in the United States without being admitted or paroled. (ECF No. 13-1:1). Also on September 15, 2021, Petitioner was released on his own recognizance and subsequently filed an application for asylum. (ECF No. 13-2 & 13-3). On October 15, 2025, an Immigration Judge (IJ) ordered Petitioner removed and denied Petitioner's application for asylum. (ECF No. 13-4). Petitioner filed an appeal of the removal order, which is currently pending.[4]

---

[3] Petitioner also filed a Motion for Emergency Consideration, Emergency Motion for Immediate Release, or, in the Alternative, for a Prompt Bond Hearing; and Emergency Motion for Temporary Restraining Order. (ECF Nos. 5, 9, & 10). These motions should be terminated as moot upon the Court's adjudication of the Petition.

[4] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited July 9, 2026).

On January 6, 2026, while checking in with his ICE officer, Petitioner was arrested due to the pending removal proceedings. (ECF No. 13-6). Petitioner was taken to the Diamondback Correctional Facility where he is currently detained.[5]

## II. PETITIONER'S CLAIMS AND RESPONDENTS' ARGUMENTS

Petitioner alleges his continued detention without a bond hearing detention violates Due Process. (ECF No. 7). Petitioner requests release or a bond hearing. (ECF No. 7). Respondents argue: (1) the Petition should be denied because Petitioner "failed to meet his pleading standards;" (2) the Court lacks jurisdiction; (3) Petitioner failed to exhaust administrative remedies; and (4) DHS had the authority to re-detain Petitioner. (ECF No. 13).

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. ANALYSIS

The Court should: (1) find jurisdiction over the Petition and (2) grant the Petition, in part, and as discussed below.

---

[5] *See* https://locator.ice.gov.odls/#/results (last visited July 9, 2026).

### A. The Court has Jurisdiction to Consider the Petition

Respondents contend that "any exercise of agency discretion regarding a decision to detain, release, or re-detain a noncitizen is not subject to judicial review." (ECF No. 13:11). Citing 8 U.S.C. § 1252(a)(5), Respondents state that "Congress has specifically eliminated Petitioner's attempted means of review—a habeas petition pursuant to § 2241—as a way of challenging the Attorney General's discretionary decision." (ECF No. 13:11). As a result, Respondents state: "to the extent that Petitioner challenges the agency's discretionary decisions regarding his conditional release or re-detention, this Court lacks jurisdiction." (ECF No. 13:11). But here, Petitioner is not challenging any agency discretionary decision—i.e.—his prior conditional release, or the agency's authority to re-detain him. Instead, he is challenging the fact that he is being detained without a bond hearing in violation of Due Process.

Similar jurisdictional arguments have been rejected by multiple district courts throughout the country. *See, e.g., Hasan v. Crawford*, No. 1:25-CV-1408 (LMB/IDD), 800 F.3d. Supp. 641, 650. n.7 (E.D. Va. Sep. 19, 2025) ("Federal courts throughout the country have similarly found that these jurisdiction-stripping provisions do not deprive the federal courts of jurisdiction to review a noncitizen's challenge to the legality of his detention." (collecting cases)). The rationale behind rejecting this argument is that detention orders "are separate and apart from orders of removal." *Hasan*, 800 F.3d. Supp. at 650 (citation modified). Challenges to detention orders "are legal in nature and challenge specific conduct unrelated to removal proceedings." *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *2 (D. Colo. Sep. 16, 2025) ("Congress did

not intend the zipper clause to cut off claims that have a tangential relationship with pending removal proceedings. A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings.") (quoting *Mukantagara v. US. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023)) (citation modified); *Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *2-3 (D. Colo. Oct. 17, 2025) (rejecting jurisdictional argument, in part, because the petitioner's claims challenging detention under 8 U.S.C. § 1225 rather than § 1226 due to a change in policy was a challenge to specific conduct unrelated to removal proceedings); *Hernandez Marcelo v. Trump*, No. 3:25-cv-00094-RGE WPK, 801 F. Supp. 3d 807, 818, 819 (S.D. Iowa Sep. 10, 2025) (concluding § 1252(a)(5) and§ 1252(b)(9) are inapplicable because the habeas petitioner was challenging his detention without a bond hearing, not an order of removal); *Jose J.O.E. v. Bondi*, No. 25-cv-3051 (ECT/DJF), 797 F. Supp. 3d 957, 968-969 (D. Minn. Aug. 27, 2025) (same) (collecting cases)).

The undersigned agrees with the prevailing analysis from other district courts and rejects Respondents' jurisdictional argument.

**B. Petitioner Has Properly Pled his Case**

Respondents argue that the Petition should be dismissed because Petitioner "never develops any real argument for the Court to consider whether his detention is prolonged, why it violates constitutional principles, or what actions the Respondents have taken, (other than detaining him) which deny him of his right to due process of law." (ECF No. 13:8). The Court should disagree.

A pro se litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberally construed, the undersigned reads Petitioner's Petition to contest his detention without any bond hearing and to seek a bond hearing. *See Torres Villason, v. Dir. of Diamondback Corr. Ctr.,* No. CIV-26-371-D, 2026 WL 950132, at *2 (W.D. Okla. Apr. 8, 2026) (finding pro se petitioner's detention governed by § 1226(a) rather than § 1225(b)(2) when he did not have a final order of removal); *see also Macias Emigdio v. Grant*, No. CIV-26-135-SLP, 2026 WL 735462, at *2 (W.D. Okla. Mar. 16, 2026) (finding in a counseled case the issue of whether petitioner was properly detained pursuant to § 1226 or § 1225 properly before the court even if the claim could have been developed "more robustly"). Here, Petitioner is a noncitizen in ICE custody since January 6, 2026. He does not have a final order of removal. *See supra*. Further, he is contesting his re-detention by ICE after being released on his own recognizance nearly five years ago. As such, Petitioner's failure properly to cite § 1226 or § 1225 should not prevent his request for relief when Respondents can construe the basis of his Petition and requested relief. *Hall*, 935 F.2d at 1110.

### C. Exhaustion

Next, Respondents argue that Petitioner "has not requested a custody determination hearing before the Immigration Judge, nor has he alleged in his Petition that Respondents have taken any action to deny him such a hearing. Thus, the claim should be dismissed for failure to exhaust administrative remedies." (ECF No. 13:11-12). But the undersigned is not convinced that Petitioner is required to exhaust his

administrative remedies before the Court can order habeas relief. It is true that federal regulations permit Petitioner, who is detained pursuant to 8 U.S.C. § 1226(a), *see supra*, to request a bond hearing before an IJ at any time prior to the entry of a final order of removal. *See* 8 C.F.R. § 236.1(d)(1) ("After an initial custody determination. . . the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released."); 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination). However, even though a noncitizen detained pursuant to § 1226 *may* request a bond hearing, they are not *required* to do so before they can pursue § 2241 habeas relief. *See, e.g.*, *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies.") (citing 8 U.S.C. § 1226). And while "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief" in general, neither the statutory language of § 1226 nor the habeas statute "expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). For these reasons, the Court should reject Respondents exhaustion argument.

**D. DHS' Authority to Re-Detain Petitioner**

Finally, Respondents argue that DHS had the authority to re-detain Petitioner. (ECF No. 13:12-14). According to Respondents:

> Petitioner has never obtained a bond from an Immigration Judge. Petitioner's prior release was entirely based upon DHS's discretion. And there is nothing within the INA that requires any additional procedures before DHS can exercise its discretion to change course and revoke his conditional parole and re-detain him.

(ECF No. 13:13). But Petitioner is not arguing that Respondent had no authority to re-detain him, only that his "[c]ontinued detention without a meaningful individualized bond hearing violated constitutional protections." (ECF No. 7:1). Thus, this argument is without merit.

**E. Due Process Entitles Petitioner to a Bond Hearing**

The Court should find that Petitioner is currently detained under 8 U.S.C. § 1226(a), which allows for an individualized bond hearing for individuals who have been detained in the interior of the United States well after entering without admission. On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709. The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at *7. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after entering without admission, is subject to detention under § 1226(a). However, he has

not been granted the bond hearing provided in that statute and, as alleged by Petitioner, this failure constitutes a violation of Due Process.

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is well established that the Due Process Clause applies to non-citizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: (1) is there a protected liberty interest, and (2) if so, what procedures are necessary to ensure deprivation of that protected liberty interest accords with due process. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. Indeed, "due process requires that, whenever the Government detains somebody, it must have a good reason for doing so." *Santillan Quiroz*, 2026 WL 1876709, at *16.

As a non-citizen facing discretionary detention or release while removal proceedings are pending, Petitioner has a liberty interest in freedom from immigration detention and it is necessary to afford him the opportunity to be heard regarding his release to ensure that any deprivation of that protected liberty interest accords with due process. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (citation modified). The bond hearing process, codified at § 1226(a) and its related regulations, provides such an opportunity to be heard. Thus,

Petitioner's procedural due process rights have been violated by Respondents' decision to detain him under § 1225 without a bond hearing.

Although finding it unnecessary to determine whether the government's position regarding the application of § 1225(b)(2)(A) is unconstitutional, *Santillan Quiroz*, 2026 WL 1876709, at *17, the Tenth Circuit observed that "[t]he mandatory detention of potentially millions of noncitizens without the potential for bond raises" "serious constitutional concerns." *Id.* at *16. District courts in this Circuit have had occasion to directly address the issue, holding:

> Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ [immigration judge]. Having erroneously concluded that Petitioner was mandatorily detained under § 1225, the IJ in Petitioner's case declined to make an individualized assessment of whether Petitioner posed any danger to the community, threatened national security, or was at risk of flight. Thereafter, Petitioner's continued detention without the bond hearing that should have been provided to him pursuant to § 1226 constitutes an ongoing violation of his constitutional right to due process.

*Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (internal citation omitted); *see also Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1282 (D.N.M. 2026) ("Classifying Petitioner under § 1225 has . . . deprived him of due process by denying him the opportunity to be heard at [a bond] hearing.") (citation modified); *Facio v. Baltazar*, No. 25-CV-03592-CYC, 2025 WL 3559128, at *3 (D. Colo. Dec. 12, 2025) ("[T]he Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.") (citation modified); *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. Aug. 29, 2025) ("The discretionary bond framework under Section 1226(a) requires

a bond hearing to make an individualized custody determination – a hearing the IJ did not conduct. Therefore, without first evaluating Lopez-Campos' risk of flight or dangerousness, his detention is a violation of his due process rights."), *aff'd,* 175 F.4th 713, 734 (6th Cir. 2026) ("find[ing] no reason to disturb" the district courts' holdings "that the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights").

Petitioner has shown that he is in custody in violation of the laws of the United States, that is, he is being detained under 8 U.S.C. § 1226, and has not been afforded a bond hearing; which entitles him to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT** in part the Petition for habeas relief by ordering Respondents to provide Petitioner, within five business days, a bond hearing under 8 U.S.C. § 1226(a), at which the government bears the burden of proof, or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The Court should order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **July 16, 2026**. If a party wishes to respond to the other party's objections, such response must be filed not later than **July 20, 2026**. *See id*. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to

appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on July 9, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE