**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

OCTAVIO ENRIQUE ESPINOZA FELIZOLA,)
                                        )
          Petitioner,           )
                                          )
v.                                    )      Case No. CIV-26-591-J
                                          )
MARKWAYNE MULLIN, et al.,        )
                                          )
          Respondents.      )

## <u>ORDER</u>

Petitioner Octavio Enrique Espinoza Felizola, a citizen of Venezuela, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within five business days or otherwise release him. (Rep. & Rec.) [Doc. No. 14]. Respondents filed a timely objection (Obj.) [Doc. No. 15], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.[1]

Petitioner entered the United States in May 2021. He was detained and released on his own recognizance shortly thereafter. In January 2026, during a scheduled check-in, ICE re-detained Petitioner and he remains in custody without a hearing. In relevant part, Judge Erwin

---

[1] Judge Erwin granted either party until July 20, 2026 to reply to the other party's objection. *See* Rep. & Rec. at 14. The Court believes further argument is unnecessary and STRIKES the reply deadline.

concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 8-11.

Although continuing to assert their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), Respondents concede that the Tenth Circuit's decision in *Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. 2026) controls. *See* Obj. at 2-4.[2] In that case, the circuit court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz*, 2026 WL 1876709, at *5; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.

Respondents do object to Judge Erwin's conclusion that Petitioner's lack of hearing violates due process. *See* Obj. at 2-3. The Court declines to address Petitioner's due process claim, thus mooting the objection.

For the reasons above, the Report and Recommendation [Doc. No. 14] is ADOPTED IN PART and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period. The Report and Recommendation is DECLINED IN PART as the Court declines to address Petitioner's due process claim.

---

[2] Respondents also object to Judge Erwin's finding that Petitioner properly plead his claims. *See* Obj. at 1-2; *see also* Rep. & Rec. at 5-6. Employing de novo review, the Court finds Petitioner's claims are sufficient.

Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 20th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE